Law Offices of Jay W. Smith
Jay W. Smith, Esq.  SBN 150113
jsmith81452@yahoo.com
22136 Sonoma Place
Chatsworth, CA 91311
Telephone: (818) 709-2556
Facsimile: (818) 709-2513

Attorney for Defendants N.C. Shipping, Inc.
and Nick Minhj Vuong

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HN AUTOMOBILE, LLC, a Missouri company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>N.C. SHIPPING, INC., a California corporation; NICK MINHJ VUONG, et al.,<br><br>　　　　　　Defendants. | CASE NO. CV10-4165 VBF (PJWx)<br><br>**ANSWER OF DEFENDANTS N.C. SHIPPING, INC. AND NICK MINHJ VUONG TO COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, AND FRAUD;**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Defendants N.C. Shipping, Inc. and Nick Minhj Vuong (hereinafter "Defendants") respond to the complaint of Plaintiff HN Automobile, LLC (hereinafter "Plaintiff") as follows:

**JURISDICTION AND VENUE**

　　　　1.　　Defendants Admit allegations that this matter is an admiralty and maritime action within the original federal question jurisdiction of this Court under the Code Sections and Rules cited.

　　　　2.　　Defendants Admit allegations that this Court has personal jurisdiction over Defendants and that venue is proper per cited authority.

## PARTIES

3. Defendants have no independent information, knowledge or belief to either Admit or Deny the allegations of this Paragraph.

4. Defendants Admit the allegations of this Paragraph.

5. Defendants Admit the allegations of this Paragraph.

6. Defendants have no independent information, knowledge or belief to either Admit or Deny the allegations of this Paragraph.

7. Defendants have no independent information, knowledge or belief to either Admit or Deny the allegations of this Paragraph.

## GENERAL ALLEGATIONS

8. Defendants have no independent information, knowledge or belief to either Admit or Deny the allegation as to the combined value of the automobiles described in this Paragraph. As to all other allegations, Defendants Admit.

9. Defendants Admit the accuracy of the recitations and characterizations of the Federal Maritime Commission ("FMC") definitions found in this Paragraph. Defendants Admit that N.C. Shipping was hired for the purposes described in this Paragraph.

10. Defendants Admit the accuracy of the recitations and characterizations of the Federal Maritime Commission  ("FMC") definition(s) found in this Paragraph. Defendants Admit that N.C. Shipping hired Wan Hai for the purposes described in this Paragraph.

11. Defendants Admit the allegations contained in this Paragraph.

12. Defendants Admit the allegations contained in this Paragraph.

13. Defendants Admit the allegations contained in this Paragraph.

14. Defendants Admit the allegations contained in this Paragraph insofar as the automobiles were re-routed as described. Defendants Deny that such automobiles were 'misrouted' to 'a party of their own choosing' or that there was

any 'intentional misdelivery' of said automobiles. Defendants lack sufficient information or belief to either Admit or Deny allegations as to arrangements, contractual or otherwise, between Plaintiff and other, third party 'customers.'

15. Defendants lack sufficient information or belief to either Admit or Deny allegations as to alleged injuries suffered / sustained by Plaintiff.

16. Defendants Deny that they 'knowingly misdelivered' the subject automobiles as described, and state that they were operating pursuant to instructions Defendants believed to be proper and valid. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants lack sufficient information or belief to either Admit or Deny allegations as to arrangements, contractual or otherwise, between Plaintiff and other, third party 'customers.'

17. Defendants are not in a position to comment upon how Exhibit 5 'appears' to Plaintiff, thus can neither Admit or Deny allegations as to said 'appearances.' Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that Exhibit 5, which was formed prior to Exhibit 1, can, as a matter of law and logic, contravene a later-drafted contract. Defendants have no independent information, knowledge or belief to either Admit or Deny the allegation as to the combined resale value of the automobiles described in this Paragraph. Defendants Admit that revised bills of lading were issued, but Deny that such was improper or unauthorized.

18. Defendants Deny that the automobiles were 'misrouted' or that the automobiles were sold by Defendants to any third party(s). Defendants deny that they have breached any duties to Plaintiff as Plaintiff's 'bailee for hire.'

//
//
//
//

## COUNT 1
### (BREACH OF CONTRACT)

19. Defendant re-alleges and re-asserts they denials and allegations set forth in Paragraphs 1-18, above, as if fully set forth herein.

20. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that they breached any contractual or common law duties owing to Plaintiff. Defendants Deny that they sold and delivered the subject automobiles to any unauthorized third parties, or that Defendants breached its / their duties as an NVOCC.

21. Defendants Deny that they sold and delivered the subject automobiles to any unauthorized third parties, or that Defendants breached its / their duties as an NVOCC. Defendants lack sufficient information or belief to either Admit or Deny allegations as to arrangements, contractual or otherwise, between Plaintiff and other, third party 'customers.' Defendants lack sufficient information or belief to either Admit or Deny allegations as to re-sale value of the subject automobiles.

## COUNT 2
### (CONVERSION)

22. Defendant re-alleges and re-asserts they denials and allegations set forth in Paragraphs 1-21, above, as if fully set forth herein.

23. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that they have misappropriated HN's property for Defendants' own use.

24. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants.

25. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph.

26. Defendants Deny that the autos were or are the property of HN

AUTO, as alleged in this Paragraph, thus 'conversion' per se cannot have occurred.

27. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants lack sufficient information or belief to either Admit or Deny allegations as to re-sale value of the subject automobiles.

28. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants deny that they have acted with 'fraud, malice or oppression.'

## COUNT 3
### (FRAUD)

29. Defendant re-alleges and re-asserts they denials and allegations set forth in Paragraphs 1-28, above, as if fully set forth herein.

30. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

31. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

32. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

33. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

34. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants Deny that the subject automobiles were sold to unauthorized buyers or for the personal financial gain of Defendants. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

35. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants lack sufficient information or belief to either Admit or Deny allegations as to re-sale value of the subject automobiles. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

36. Defendants Deny that the autos were or are the property of HN AUTO, as alleged in this Paragraph. Defendants lack sufficient information or belief to either Admit or Deny allegations as to re-sale value of the subject automobiles. Defendants Deny that Defendants made any misrepresentations to Plaintiff at any time or at the time of contracting with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

1. Each and every claim for relief stated in the Complaint fails to state facts sufficient to support a claim.

## SECOND AFFIRMATIVE DEFENSE

2. Each and every claim for relief stated in the Complaint is barred by statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. Each and every claim for relief stated in the Complaint is barred by

the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has waived its right to bring each of the claims for relief stated in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5. Each and every claim for relief stated in the Complaint is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

6. Each and every claim for relief stated in the Complaint is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a defense to each claim for relief stated in the Complaint, Plaintiff's right to damages, if any, is limited or precluded by its failure to mitigate its losses.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a defense to each claim for relief stated in the Complaint, Plaintiff is not entitled to any recovery against Defendants because any harm incurred by Plaintiff was the result of conduct by third parties for whom Defendants were not responsible.

## NINTH AFFIRMATIVE DEFENSE

9. As a defense to each claim for relief stated in the Complaint, Plaintiff is not entitled to any recovery against Defendants because Plaintiff caused or contributed to the injuries or damages complained of through its own negligent, willful or bad faith conduct.

## TENTH AFFIRMATIVE DEFENSE

10. As a defense to each claim for relief stated in the Complaint, Plaintiff is not entitled to any recovery against Defendants because Plaintiff lacks standing to bring the present action.

WHEREFORE, Defendants pray for judgment on the Complaint as follows:

1. That plaintiff take nothing by way of its Complaint;
2. For costs of suit and attorneys' fees incurred herein; and
3. For such other and further relief as this Court deems just and proper.

Dated: July 6, 2010                LAW OFFICES OF JAY W. SMITH


By: */s/ Jay W. Smith*
Jay W. Smith
Attorney for Defendants N.C. Shipping, Inc.
and Nick Minhj Vuong

## **DEMAND FOR JURY TRIAL**

Defendants N.C. Shipping, Inc. and Nick Minhj Vuong hereby hereby demand a trial by jury on all issues so triable.

Dated: July 6, 2010          LAW OFFICES OF JAY W. SMITH


By: */s/ Jay W. Smith*
    Jay W. Smith
    Attorney for Defendants N.C. Shipping, Inc.
    and Nick Minhj Vuong